## SUPREME COURT.

DAMBMANN, appellant, agt. SCHULTING, respondent.

*Motion to dismiss appeal.*

Where an order is entered for defendant on demurrer to plaintiff's complaint, with leave to amend, on payment of costs, and on payment of the costs amending his complaint, seeks to discontinue the suit, an order for which is granted on plaintiff's paying costs and $100 extra allowance, the costs and extra allowance is paid, but the extra allowance under protest, and from that part of the order he brings an appeal:

*Held,* that the appeal must be dismissed; that the plaintiff could not avail himself of the benefits of the order without complying with its conditions, but by so doing he waived his right to appeal. He should have refused to comply with the conditions at all, if he wished to appeal.

*New York General Term, December,* 1875.

MOTION to dismiss an appeal from so much of the order of the special term as grants an extra allowance.

Plaintiff in 1873 brought this action to recover the sum of $5,000. Defendant plead a release, and thereafter noticed the cause for trial and put it on the calendar.

Plaintiff then brought a second suit to set aside the release. To the complaint in this action defendant demurred and was sustained therein, but plaintiff was allowed to amend by payment of the costs·(*see S. C., ante, p.* 337). Plaintiff paid the costs, amended his complaint, and then sought to discontinue the first suit. An order of discontinuance was granted conditioned on plaintiff's paying costs and $100 extra allowance. Plaintiff paid the costs and extra allowance, the latter under

Dambmann agt. Schulting.

protest, and then discontinued.    To so much of the order as granted an extra allowance plaintiff appealed.    Motion made to dismiss the appeal.

On appeal, *held*, that from the peculiar form of the order we think plaintiff could not avail himself of its benefits without complying with its conditions, but by so doing he waived his right to appeal.    Had he wished to review the action of the court below, he should have refrained from availing himself of the conditional leave until he could bring the question before this court by appeal.

Motion to dismiss the appeal granted.

BRADY and DANIELS, JJ., concurring.